UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WILLIAM NORMAN CINTRON,**

       **Plaintiff,**

v.                                                                           Case No:   6:12-cv-1672-Orl-GJK

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

# MEMORANDUM OF DECISION

William Norman Cintron (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for benefits. Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) not finding that he met Listing 12.05(C); 2) failing to mention Dr. Ludvigh's opinion in his decision; and 3) not accounting for all of his functional limitations in his residual functional capacity ("RFC") determination. Doc. No. 18 at 7-15. Claimant further argues that the case should be remanded for an award of benefits because the record clearly reveals that he meets Listing 12.05(C). Doc. No. 18 at 15-16. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

**I.**     **STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v.*

*Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.   ANALYSIS.

### A.  Listing 12.05(C).

This dispute centers on whether the ALJ erred in finding that Claimant does not meet Listing 12.05(C). Doc Nos. 18 at 7-12; 19 at 6-14. At step three of the ALJ's sequential analysis, the ALJ must consider whether a claimant's impairments, individually or in combination, meet or equal any of the impairments contained in the Listing of Impairments (the "Listings"). The Listings identify impairments which are considered severe enough to prevent a person from engaging in gainful activity. 20 C.F.R. § 404.1525(a). By meeting a listed impairment or

otherwise establishing an equivalence, a claimant is presumptively determined to be disabled regardless of his age, education, or work experience. *Id*. Thus, an ALJ's sequential evaluation of a claim ends if the claimant can establish the existence of a listed impairment. *Edwards v. Heckler*, 736 F.2d 625, 628 (11th Cir. 1984).

If the claimant contends that an impairment meets a listing, as he does here (Doc. No. 18 at 7-12), the claimant bears the burden of "present[ing] specific medical findings that meet the various tests listed under the description of the applicable impairment." *Wilkinson ex rel. Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987) (per curiam). In doing so, the claimant must have a diagnosed condition that is included in the Listings. *Id*. Diagnosis of a listed impairment, however, is not enough, as the claimant must also provide objective medical reports documenting that his or her impairment meets the specific criteria of the applicable listing. *Id*.; *accord Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002) (per curiam).[1] Further, "[a]n impairment that manifests only some of [the specific] criteria [of the applicable impairment], no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Listing 12.05 provides, in pertinent part, that a claimant is disabled if he or she meets the following criteria:

> 12.05 Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied[:]

---

[1] A claimant can also be found to equal a listing. *E.g.*, *Wilson*, 284 F.3d at 1224. To equal a listing "the medical findings must be 'at least equal in severity and duration to the listed findings.'" *Id*. (quoting 20 C.F.R. § 404.1526(a)). Here, Claimant does not argue that he equals Listing 12.05(C). *See* Doc. No. 18 at 7-12.

> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function[.]

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05.[2]  Accordingly, in order to meet Listing 12.05 "a claimant must at least[:] 1) have significantly subaverage general intellectual functioning; 2) have deficits in adaptive [functioning]; and 3) have manifested deficits in adaptive [functioning] before age 22." *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997); 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05.[3]  Additionally, a claimant must meet one of the four sets of criteria found in 12.05(A), (B), (C), or (D) in order to show that his or her impairments are severe enough to meet or equal Listing 12.05.  20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(A).

Relevant here, paragraph C of Listing 12.05 is met when the claimant shows: 1) "a valid verbal, performance, or full scale IQ of 60 through 70"; and 2) "a physical or other mental impairment imposing an additional and significant work-related limitation of function."  *Id.* at § 12.05(C).  "Generally, a claimant meets the criteria for presumptive disability under section 12.05(C) when the claimant presents a valid I.Q. score of 60 to 70 inclusive, and evidence of an additional mental or physical impairment that has more than 'minimal effect' on the claimant's ability to perform basic work activities."  *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992).  However, "a valid I.Q. score need not be conclusive of mental retardation where the I.Q. score is

---

[2] The Court cites to Listing 12.05 as it appeared when the ALJ entered his opinion on October 21, 2011.  While Listing 12.05 has not substantively changed since the ALJ's decision, the Court notes that Listing 12.05 uses "Intellectual disability" in place of "Mental retardation[.]"

[3] In *Crayton*, the court stated that in order for a claimant to meet Listing 12.05 he or she must, in relevant part, "have deficits in adaptive behavior[.]"  *Crayton*, 120 F.3d at 1219.  This statement was consistent with the language of Listing 12.05 at the time *Crayton* was decided.  *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05 (1997).  Listing 12.05, however, was later revised, as evidenced above, so that a claimant is now required to demonstrate deficits in adaptive functioning as opposed to adaptive behavior.  The Social Security Administration's Program Operations Manual System (POMS) states that the phrase "adaptive functioning" refers to "the individual's progress in acquiring mental, academic, social and personal skills as compared with other unimpaired individuals of his/her same age."  POMS DI 24515.056(D)(2).

inconsistent with other evidence in the record on the claimant's daily activities and behavior." *Id.* (citing *Popp v. Heckler*, 779 F.2d 1497, 1499 (11th Cir. 1986) (per curiam)); *see Hodges v. Barnhart*, 276 F.3d 1265, 1269 (11th Cir. 2001) (stating that the Commissioner may present evidence of claimant's daily life to rebut the presumption that arises when paragraph C of Listing 12.05 is met).

At step two of the sequential evaluation process, the ALJ found that Claimant suffers from the following severe impairments: mild communication disorder, borderline intellectual functioning, and scoliosis. R. 15. At step three of the sequential evaluation process, the ALJ considered whether Claimant met or equaled Listing 12.05, stating, in relevant part, as follows:

> The claimant's mental impairment has been considered under the requirements of listing 12.05. Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements of paragraphs A, B, C, or D are satisfied.
>
> . . .
>
> In terms of the requirements in paragraph C, they are not met because the claimant does not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. In this case the paragraph C criteria are not met because the claimant has no other impairment that imposes additional and significant limits on functioning as supported by Dr. Lester below (Exhibit 3F) and the evidence shows that the claimant graduated from high school in the 50[th] percentile (Exhibit 4F).

R. 16. Ultimately, the ALJ concluded that Claimant did not meet or equal Listing 12.05, and proceeded to steps four and five of the sequential evaluation process where he determined that Claimant was not disabled. R. 17-24.

Claimant argues that he meets Listing 12.05(C).  Doc. No. 18 at 7-12.  Specifically, Claimant argues that: 1) "the evidence of record shows significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested before the age of 22" (Doc. No. 18 at 8-9); 2) the ALJ found he had a valid IQ score of 70; and 3) despite the ALJ's contrary finding, the ALJ's finding at step two demonstrates that his mild communication disorder and scoliosis impose additional and significant work-related functional limitations.  Doc. No. 18 at 8-12.  The Commissioner concedes that the ALJ found Claimant had a valid IQ score of 70 (Doc. No. 19 at 8), and does not contest Claimant's argument that his mild communication disorder and scoliosis impose additional and significant work-related functional limitations (*See* Doc. No. 19 at 6-14).  Instead, the Commissioner argues that Claimant "has not carried his burden of showing he meets Listing 12.05 . . . because he has not satisfied the requisite diagnostic description of mental retardation found in the introductory paragraph."  Doc. No. 19 at 13.  Accordingly, the issue before Court is whether the Claimant met the introductory paragraph of Listing 12.05.

While both parties offer detailed arguments as to why the ALJ did or did not find that Claimant met the introductory paragraph of Listing 12.05, review of the ALJ's decision reveals that he did not render any findings with respect thereto.  *See* R. 15-17.  An ALJ may implicitly find that a claimant does not meet a listing without committing reversible error.  *See Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir.1986).  However, under the circumstances of this case, the Court finds that the ALJ's decision demonstrates no such implicit finding.  Instead, the Court finds that the ALJ merely quoted the introductory paragraph of Listing 12.05 and proceeded to determine whether Claimant met any of the following sub-paragraphs.  R. 15-16.  The Court will not simply assume the ALJ found that Claimant did or did not meet the introductory paragraph of Listing 12.05, as either assumption would result in a drastic outcome, i.e., affirmance or reversal

for an award of benefits.  *See Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (the court will not "affirm simply because some rationale might have supported the ALJ's conclusion.").  In similar situations, courts in this Circuit have remanded the matter to the Commissioner for further proceedings.  *See Johnson v. Colvin*, Case No. 3:12-cv-17-J-JRK, 2013 WL 1175258, at *5-6 (M.D. Fla. March 21, 2013) (remanding, in part, because it was not entirely clear whether the ALJ found claimant did not meet Listing 12.05(C) because of a lack of deficits in adaptive functioning or a lack of additional impairments imposing additional significant work-related functional limitations); *Carroll v. Astrue*, 2009 WL 1708073, at *1-2 (M.D. Ala. June 17, 2009) (remanding, in part, because the ALJ did not explicitly address whether claimant met the requirements of the introductory paragraph of Listing 12.05).  The Court finds *Johnson* and *Carroll* persuasive, and therefore finds that the case must be remanded to the Commissioner for further proceedings.  On remand, the Commissioner shall discuss whether or not Claimant meets the introductory paragraph of Listing 12.05, and discuss what evidence supports his decision with respect thereto.  Further, since the case must be remanded for further proceedings, Claimant's request that the case be reversed for an award of benefits is denied.[4]

### III. CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

---

[4] The Court finds this issue dispositive and does not address Claimant's remaining arguments.  *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).  While the Court will not address Claimant's remaining arguments, the ALJ, on remand, shall expressly consider and weigh Dr. Ludvigh's examination report (R. 249-52) and the opinions expressed therein.

**DONE** and **ORDERED** in Orlando, Florida on March 21, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Brendan F. Flanagan
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224